#### Max Hirsch v. Cincinnati Traction Co.

FAILURE OF DRIVER OF AUTOMOBILE RUNNING AT FIFTEEN MILE RATE TO LOOK BACK FOR APPROACHING STREET CAR NOT CONTRIBUTORY NEGLIGENCE.

Failure of one, operating an automobile within municipal limits at the rate of fifteen miles an hour, to look back for an on-

coming street car is not, as a matter of law, contributory negli-
gence; failure of the motorman, after becoming aware of the
danger, to exercise ordinary care to avoid collision, especially
since the driver of the automobile endeavored with due care to
get off the track, is the proximate cause.

ERROR to common pleas court.

*Moulinier, Bettman & Hunt*, for plaintiff in error.
*Geo. H. Warrington*, for defendant in error.

GIFFEN, P. J.

It is not, as matter of law, contributory negligence for one,
while operating an automobile within the corporate limits of the
city of Cincinnati at the rate of fifteen miles an hour, to fail
to look back for an oncoming street car. He may, in the
absence of an ordinance of the city permitting it, assume that
the street car will not come at a greater rate of speed.

The contributory negligence as alleged is specific, to wit:

"Neglect in running said automobile upon defendant's
track in front of an approaching car at such a short distance
that said car could not be stopped in time to avoid a collision."

The evidence shows that the automobile had been running
on the track for a distance of nearly a half mile; that the gong
on the street car was sounded; that the motorman must, there-
fore, have been aware of the presence of the automobile upon
the track, and that the plaintiff heeded the warning by trying
to get off the track, but was not given a reasonable time to
do so.

Even though the failure to look back was negligence, it
ceased to be a direct cause when the motorman became aware
of the danger, and did not exercise ordinary care to avoid a
collision while the plaintiff was, in response to the warning,
endeavoring with due care to get off the track. The court erred
in arresting the case from the jury and rendering judgment
for the defendant.

Reversed and cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.